Case 2:15-cv-00152 Document 28 Filed in TXSD on 10/30/15 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
October 30, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REYNALDO GUERRERO, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL NO. 2:15-CV-152 |
| | § | |
| PT.MULTISTRADA ARAH SARANA, TBK, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on October 30, 2015, the Court **DENIED** Defendant American Tire Distributors, Inc.'s Motion to Dismiss and **DENIED** Defendants Itochu International, Inc. and ITR USA, Inc.'s Motion to Dismiss.

I. Background

On March 31, 2015, Reynaldo Guerrero and Amado Iglesias (collectively "Plaintiffs") filed a complaint against PT. Multistrada Arah Sarana, TBK ("MASA"), American Tire Distributors, Inc. ("American Tire"), Itochu Corporation ("Itochu"), Itochu International, Inc. ("Itochu International"), and ITR USA, Inc. d/b/a Itochu Tire America ("ITR USA"). Compl., Dkt. No. 1. The case arises from a defective automobile tire that resulted in a collision that injured both Plaintiffs. Compl., Dkt. No. 1 at 7–8. The complaint alleges liability for all four Defendants under theories of strict liability, negligence, breach of express warranty, breach of implied warranty of merchantability, and violations of the Texas Deceptive Trade Practices Act (DTPA). Compl., Dkt. No. 1 at 8–27.

On April 30, 2015, MASA filed an answer to Plaintiffs' complaint. MASA's Answer, Dkt. No. 5. American Tire filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 5, 2015. Dkt. No. 7. Itochu International and ITR USA filed a motion to dismiss on May 5, 2015. Dkt. No. 9. Itochu

International, ITR USA, and American Tire's (collectively "Movants") motions to dismiss are identical in substance, so the Court will analyze them together. Movants also filed answers on May 5, 2015. Dkt. Nos. 8, 10, 11.

Plaintiffs filed a response to the two motions to dismiss on May 18, 2015. Dkt. No. 12. Itochu International and ITR USA filed a supplemental motion to dismiss on June 24, 2015. Dkt. No. 17. American Tire filed a supplemental motion to dismiss on June 24, 2015. Dkt. No. 18. None of the Movants sought leave to file the supplemental motion. Nonetheless, the Court will consider the motions as replies to Plaintiffs' response.

On September 16, 2015, Judge Nelva Gonzales Ramos recused herself from the case. Dkt. No. 21. The case was then reassigned to this Court. Dkt. No. 22. On October 16, 2015, MASA filed a counterclaim against Amado Iglesias ("Iglesias") in which it claimed that all injuries and damages alleged by Plaintiff Reynaldo Guerrero ("Guerrero") were the result of negligent acts and/or omissions of Iglesias. Countercl. Dkt. No. 24 at 1. American Tire, Itochu, Itochu International, and ITR USA filed a notice joining the counterclaim. Dkt. No. 25. On October 16, 2015, MASA also filed a Motion for Leave to Designate Wood Group PSN as a Responsible Third Party. Dkt. No. 26. The Court does not consider this motion here because Plaintiffs have not yet had the opportunity to respond. The Court only considers Movants' motions to dismiss.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) states that a plaintiff's claim may be dismissed it if fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a complaint to be sufficient, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In evaluating a plaintiff's complaint in light of a defendant's motion to dismiss under Rule 12(b)(6), a court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Then the court may determine whether the plaintiff's well-pleaded facts allow the court to infer the plausibility of misconduct. *See id.* "Factual allegations must be enough to raise a right to relief above a speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

## III. Analysis

Movants seek dismissal under Federal Rule of Procedure 12(b)(6). Dkt. Nos. 7, 9. This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a)(2). Compl., Dkt. No. 1 at 3–4. This Court will therefore apply substantive Texas state law. *See Van Dusen v. Barrack*, 376 U.S. 612, 637 (1964) ("[F]ederal courts in diversity of citizenship cases are to apply the laws 'of the states in which they sit.' ") (citing *Griffin v. McCoach*, 313 U.S. 498, 503 (1941)).

Section 82 governs all products liability actions in Texas. Tex. Civ. Prac. & Rem. Code. Ann. § 82 (West 2015). "Products liability action" is defined broadly under the statute and includes actions "based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." § 82.001. Section 82.033 grants immunity to nonmanufacturing sellers in products liability actions but provides the following seven exceptions:

> (a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
>> (1) that the seller participated in the design of the product;
>> (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;

  (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;

  (4) that:

    (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;

    (B) the warning or instruction was inadequate; and

    (C) the claimant's harm resulted from the inadequacy of the warning or instruction;

  (5) that:

    (A) the seller made an express factual representation about an aspect of the product;

    (B) the representation was incorrect;

    (C) the claimant relied on the representation in obtaining or using the product; and

    (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;

  (6) that:

    (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and

    (B) the claimant's harm resulted from the defect; or

  (7) that the manufacturer of the product is:

    (A) insolvent; or

    (B) not subject to the jurisdiction of the court.

§ 82.003. The purpose of Chapter 82 is "to protect innocent sellers" and place primary liability on manufacturers that "are usually in a better position to recognize and remedy product defects." *Mix v. Target Corp.*, 759 F. Supp. 2d 876, 879 (W.D. Tex. 2010).

Under this provision, plaintiffs have the burden to prove that one of the exceptions apply. *See* § 82.003(a) ("[A] seller that did not manufacture a product is not liable for harm caused by that product unless the claimant proves [one of the seven exceptions]."). At the motion to dismiss stage, the court examines only the face of the complaint to determine whether there exists a reasonable inference that the defendant is liable. *Twombly*, 550 U.S. at 556. Plaintiffs' claims do not need to cite with specificity any of the seven exceptions, as long as their claim fairly states any one or more of the exceptions. *Casas v. The Tire Corral, Inc.*, No. M-04-123, 2005 WL 6773889, at *3 (S.D. Tex. Mar. 31, 2005).

Movants state that Plaintiffs have not alleged that they are manufacturers of the tire in question; rather, they are nonmanufacturing sellers entitled to immunity under § 82.003(a). Dkt. No. 7 at ¶¶ 6–7; Dkt. No. 9 at ¶¶ 6–7. Movants state that MASA is the alleged manufacturer of the tire, and it subjected itself to the Court's jurisdiction by filing an answer. Dkt. No. 7, ¶ 6; Dkt. No. 9, ¶ 6. Movants argue that because MASA is the manufacturer and is subject to the Court's jurisdiction, none of the exceptions apply. Dkt. No. 7, ¶ 7, Dkt. No. 9, ¶ 7.

In response, Plaintiffs acknowledge that the tire in question was manufactured by MASA, Dkt. No. 12, ¶ 6, and that the Movants are nonmanufacturing sellers, Dkt. No. 12, ¶ 8. Plaintiffs argue that Movants fall under one of the seven exceptions under § 82.003. Focusing on § 82.003(a)(7), Plaintiffs contest that MASA's answer did not mean it was subject to the Court's jurisdiction. Dkt. No. 12, ¶ 1. In their supplemental motions, Movants state that MASA conceded that the Court's jurisdiction in the joint discovery/case management plan. Dkt. No. 17, ¶ 3; Dkt. No. 18, ¶ 3. Indeed, in the joint discovery/case management plan, MASA states, "Defendant MASA does not contest personal jurisdiction in this case based on the facts and circumstances of this case." Dkt. No. 14 at 2–3. The parties also are in agreement that the Court has diversity jurisdiction. Dkt. No. 14 at 3. Accordingly, the Court finds that Plaintiffs' argument concerning MASA's personal jurisdiction is moot. Therefore, the exception to nonmanufacturing seller immunity under § 82.003(a)(7) does not apply.

Nevertheless, as Plaintiffs note in their response, six of the other exceptions in § 82.003 may apply such that Movants may be held liable. Plaintiffs state that they have reason to believe that § 82.003(a)(4)–(6) may apply, as well as other the other three exceptions. Dkt. No. 12 at 10–11. Plaintiffs request a reasonable opportunity to conduct discovery to determine whether an exception applies. Dkt. No. 12 at 10–11.

The Court finds that Plaintiffs have sufficiently alleged that Movants may fall under one of the exceptions. At this stage in the litigation, Plaintiffs need only allege enough facts in support of their legal conclusions to give rise to a reasonable inference that Movants are liable. *Twombly*, 550 U.S. at 556. Plaintiffs' allegations must fairly state that Movants fall under one of the exceptions, even if Plaintiffs do not explicitly cite to the exceptions. In their complaint, Plaintiffs state that American Tire, Itochu International, and ITR USA "represented, via the printing on the sidewall, that said tire was comprised of two nylon plies" and that the representation "was false in that said tire only comprised of one nylon ply." Compl., Dkt. No. 1, ¶¶ 55, 61, 67. The Court reads these claims as sufficiently alleging that Movants may be liable under § 82.003(a)(4)–(6). Further, Plaintiffs' claims under the DTPA sufficiently allege Movants' liability under § 82.003(a)(4)–(6). Compl., Dkt. No. 1, ¶¶ 57, 63, 69.

The three remaining exceptions impose liability when the seller participated in the design of the product; altered or modified the product; or installed the product, and the harm resulted from the product's installation. § 82.003(a)(1)–(3). In their response, Plaintiffs do not specifically argue that these three exceptions may apply; rather, they request a reasonable opportunity to conduct discovery to determine if they do apply. Plaintiffs' complaint does not contain any allegations that Movants designed the tire in question, altered or modified it, or installed it. Thus, the Court finds that Plaintiffs' complaint gives rise to a plausible claim that Movants fall under one of the exceptions stated in § 82.003(a)(4)–(6).

## IV. Conclusion

Accordingly, the Court **DENIES** American Tire's Motion to Dismiss, Dkt. No. 7.  The Court also **DENIES** Itochu International and ITR USA's Motion to Dismiss, Dkt. No. 9.

SIGNED this 30th day of October, 2015.

                                             Hilda Tagle
                                             Senior United States District Judge